No. 23-30480

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

TESLA, INCORPORATED; TESLA LEASE TRUST; TESLA FINANCE, L.L.C.,

*Plaintiffs-Appellants*,

*v.*

LOUISIANA AUTOMOBILE DEALERS ASSOCIATION, ET AL.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Eastern District of Louisiana, No. 2:22-cv-02982

**TESLA'S REPLY IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

MARK R. BEEBE (#19487)
DIANA COLE SURPRENANT (#33399)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

ARI HOLTZBLATT
ANDREW K. WAKS
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6000
ari.holtzblatt@wilmerhale.com

DAVID GRINGER
ANDRES C. SALINAS
TONY J. LEE
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

January 30, 2024

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that members of this Court may evaluate possible disqualification or recusal.

| Plaintiffs-Appellants | Counsel |
|---|---|
| Tesla, Incorporated<br>Tesla Lease Trust<br>Tesla Finance, L.L.C. | Ari Holtzblatt<br>David Gringer<br>Andres C. Salinas<br>Andrew K. Waks<br>Tony J. Lee<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br><br>Mark R. Beebe<br>Diana Cole Surprenant<br>ADAMS AND REESE LLP |

| Defendants-Appellees | Counsel |
|---|---|
| Louisiana Automobile Dealers Association | Paul D. Clement<br>Matthew D. Rowen<br>Nicholas M. Gallagher<br>CLEMENT & MURPHY, P.L.L.C.<br><br>Jeanne C. Comeaux<br>Claude F. Reynaud, Jr.<br>BREAZEALE, SACHSE & WILSON, L.L.P. |

| | |
|---|---|
| Gregory Lala<br>Allen O. Krake<br>V. Price LeBlanc, Jr.<br>Eric R. Lane<br>Kenneth Mike Smith<br>Keith P. Hightower<br>Keith M. Marcotte<br>Wesley Randal Scoggin<br>Scott A. Courville<br>Donna S. Corley<br>Terryl J. Fontenot<br>Maurice C. Guidry<br>Raney J. Redmond<br>Joseph W. Westbrook<br>Stephen L. Guidry, Jr.<br>Joyce Collier LaCour<br>Thomas E. Bromfield<br>Edwin T. Murray<br>*(In their official capacities as chairman or commissioners of the Louisiana Motor Vehicle Commission)* | Harry J. Philips, Jr.<br>TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.<br><br>Timothy W. Hassinger<br>Patrick J. Schepens<br>GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A.P.L.C. |
| Gregory Lala<br>Stephen L. Guidry, Jr.<br>*(In their private capacities)* | Lamont P. Domingue<br>VOORHIES & LABBÉ, A.P.L.C. |
| Allen O. Krake<br>*(In his private capacity)*<br>Ford of Slidell, L.L.C. (doing business as Supreme Ford of Slidell) | Chloe M. Chetta<br>Richard E. Sarver<br>Robert A. Waldrup<br>BARRASSO, USDIN, KUPPERMAN, FREEMAN & SARVER, L.L.C. |
| V. Price Leblanc, Jr.<br>Keith P. Hightower<br>Keith M. Marcotte<br>Wesley Randal Scoggin<br>Donna S. Corley<br>Terryl J. Fontenot<br>Maurice C. Guidry<br>*(In their private capacities)*<br>T & J Ford, Incorporated<br>Golden Motors, L.L.C. | Patrick S. McGoey<br>Andrea V. Timpa<br>SCHONEKAS, EVANS, MCGOEY & MCEACHIN, L.L.C. |

| | |
|---|---|
| Holmes Motors, L.L.C. (doing business as Holmes Honda) <br> Airline Car Rental, Incorporated (doing business as Avis Rent-A-Car) <br> Shetler-Corley Motors, Limited <br> Leblanc Automobiles. L.C. <br> Morgan Buick GMC Shreveport, Incorporated | |
| Eric R. Lane <br> *(In his private capacity)* <br> Gerry Lane Enterprises, Incorporated (doing business as Gerry Lane Chevrolet) | Colin D. Sherman <br> SHERMAN & LACEY |
| Kenneth Mike Smith *(In his private capacity)* <br> P.K. Smith Motors, Incorporated | W. Raley Alford, III <br> Patrick M. Bollman <br> STANLEY, REUTER, THORNTON & ALFORD, L.L.C. |

| **Amici Curiae** | **Counsel** |
|---|---|
| United States of America | Jonathan S. Kanter <br> Doha Mekki <br> Maggie Goodlander <br> David B. Lawrence <br> Jacobus van der Ven <br> Nickolai G. Levin <br> Stratton C. Strand <br> Matthew C. Mandelberg <br> Brandon Storm <br> U.S. DEPARTMENT OF JUSTICE ANTITRUST DIVISION |
| Legal and Economic Scholars (R. Warren Anderson, Christine P. Bartholomew, Roger D. Blair, Donald J. Boudreaux, Henry N. Butler, Steve Calandrillo, Daniel A. Crane, Floridan Ederer, Kenneth Elzinga, Eleanor M. Fox, James Grimmelmann, Robin Hanson, Herbert Hovenkamp, Francine Lafontaine, Robert H. Lande, Marina Lao, Mark A. Lemley, Stanley Liebowitz, Yekaterina Valerie | Thomas H. Reger II <br> FISH & RICHARDSON, P.C. |

| | |
|---|---|
| Litvak, Anup Malani, Geoffrey A. Manne, Doug Melamed, Mark. J. Perry, Edward A. Snyder, Michael E. Sykuta, Alex Tabarrok, Avishalom Tor, Alexander Volokh, Samuel N. Weinstein, Lawrence J. White, Abraham L. Wickelgren) | |
| Texas Automobile Dealers Association | Robert T. Mowrey<br>Thomas G. Yoxall<br>W. Scott Hastings<br>Daron L. Janis<br>LOCKE LORD LLP |

/s/ Ari Holtzblatt
ARI HOLTZBLATT

*Attorney of Record for Plaintiffs-Appellants*

In their opposition, the Commissioners do not dispute that Commissioner Scoggin (a defendant here) made the statements at issue during a public Commission hearing. And they do not dispute that the statements are relevant to Tesla's legal argument that it is plausible the Commissioners' votes were unsupported by state-law authority and inconsistent with how they interpret their authority when regulating their own businesses. *See* Tesla Reply Br. 5-6. Instead, the Commissioners (1) accuse Tesla of seeking judicial notice of the legal argument itself, (2) argue that judicial notice is not appropriate for the first time on appeal, and (3) alternatively urge the Court to take judicial notice of additional facts that purportedly undermine Tesla's allegations. The first of these contentions misunderstands the nature of Tesla's request; the second ignores settled precedent permitting this Court to take judicial notice of facts in the first instance; and the third merely underscores that the Commissioners' defenses are factual in nature and so should be resolved at a later stage of the case and not on the pleadings. Tesla's motion for judicial notice should accordingly be granted, and the Commissioners' alternative request should be denied.

1. As an initial matter, the Commissioners' opposition rests largely on the premise that Tesla seeks judicial notice of a "*legal argument*." Opp. 4-6. That premise is wrong: Tesla seeks judicial notice of the *fact* that Commissioner Scoggin stated that "Hertz doesn't own any of their cars" and that "a third party"

owns the cars instead. *See* Mot. Ex. 1 at 87-88; *see also* Mot. 2 (seeking "judicial notice of the existence and contents of the … transcript"). The fact that those statements were made is "not subject to reasonable dispute because it … can be accurately and readily determined from" the Commission's May 17, 2021 transcript—a public record "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is therefore appropriate. *See Sissom v. University of Texas High School*, 927 F.3d 343, 348 n.2 (5th Cir. 2019) (taking judicial notice of the contents of "Texas State Board of Education meeting minutes"); *Funk v. Stryker Corp.*, 631 F.3d 777, 782-783 (5th Cir. 2011) (contents of FDA records).

To be sure, Tesla relies on the to-be-noticed statements to support a legal argument—namely, that it is at least plausible the Commissioners are enforcing fleet-owner limits against Tesla that they do not (and legally cannot) enforce against similarly-situated rental car companies. *See* Tesla Reply Br. 5-6. But that does not mean that Tesla is seeking judicial notice of the legal argument itself, and it does not mean that Commissioner Scoggin's statements must be taken as incontrovertibly true (though Commissioner Scoggin is himself in the rental car business, ROA.1602 (¶¶99-100)). This Court has previously held that the "very existence" of testimony from a prior proceeding "raise[d] an issue of fact sufficient to overcome summary judgment," even though such testimony could not be

"credit[ed] …. 'for the truth asserted.'" *See Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006). That reasoning applies with even greater force at the pleading stage. It therefore does not matter for purposes of judicially noticing Commissioner Scoggin's statements that the Commissioners "dispute[]" the legal argument Tesla makes based on those statements. Opp. 8; *see also* Opp. 4-6. What matters is that the Court may take notice of the fact that the statements were made—which no one disputes.

2. The Commissioners fare no better in arguing that judicial notice would be "improper under Rule 12(b)(6) and basic rules of appellate procedure." Opp. 6. This Court has long recognized that "judicial notice may be taken for the first time on appeal," *Seymour v. Oceanic Navigating Co.*, 453 F.2d 1185, 1191 n.7 (5th Cir. 1972), including "when ruling upon a Rule 12(b)(6) motion," *Colonial Oaks Assisted Living Lafayette, LLC v. Hannie Development, Inc.*, 972 F.3d 684, 688 n.9 (5th Cir. 2020); *see also Sissom*, 927 F.3d at 348 n.2 (judicial notice "for the first time on appeal" from dismissal under Rule 12(b)(1)).

Nor is this an improper attempt to plead new facts on appeal. *Contra* Opp. 7. Tesla invokes the transcript *in response* to the Commissioners' argument that their state-law authority defeats Tesla's allegations of an antitrust agreement. *See* Reply Br. 5-6; Comm'rs Br. 32-35. Moreover, the Court need not even address the transcript if it accepts Tesla's principal response—that is, that "[a]fter neglecting to

press *Parker*" state-action immunity, "the Commissioners cannot now cite state-law authority as a defense on the pleadings." Reply Br. 5. Tesla's citation to the transcript in support of an alternative argument, *id.* at 5-6, is hardly an attempt at "sandbagging," Opp.7.

More generally, the Commissioners' complaints fall particularly flat here because Tesla was denied the right to amend following the district court's dismissal. At worst, then, even if the defendants were entitled to more advance notice of a statement that one of them made and that was recorded in a transcript of their own proceeding, the proper course would be to remand so that Tesla could amend the complaint to cite the transcript. *See Calhoun v. Collier*, 78 F.4th 846, 854 (5th Cir. 2023). The case the Commissioners cite, *Tamari v. Bache & Co.*, 838 F.2d 904, 907 (7th Cir. 1988), is easily distinguishable because the plaintiffs there sought judicial notice of a document after trial had already been conducted. At that late juncture, the plaintiffs had no reasonable basis for omitting the document as a trial exhibit, and amendment was not an option.

3. Finally, the Commissioners contend that, if Tesla's request is granted, the Court should also judicially notice a laundry list of additional statements from the transcript, Opp. 8-10, apparently under the heretofore unknown doctrine of "tit-for-tat" judicial notice. This request should be denied.

As an initial matter, it is not clear why any of these cited statements should be judicially noticed now—several weeks after the Commissioners filed their brief on the merits in this appeal. Perhaps there could be reason to do so if the cited statements were responsive to the specific argument for which Tesla cites Commissioner Scoggin's statements. But on their face, none of the Commissioners' statements have anything to do with that issue. And the vast majority of the statements in no way relate to any of the arguments the Commissioners asserted in their merits brief. Instead, the statements appear to be offered in support of entirely new contentions, making the Commissioners' request akin to a surreply (and one that does not even address the preceding reply). That is plainly improper.

In any event, the Commissioners would at most be entitled to judicial notice solely of the fact that the cited statements were made. And the fact that these particular statements were made—most of them self-serving assertions by the Commissioners or their agents—hardly undermines the plausibility of Tesla's allegations. Surely aware of that, the Commissioners appear to be asking the Court to accept the statements themselves as unassailable truths. That contravenes basic principles of judicial notice—which (again) provide that the existence and contents of transcripts from other proceedings may be noticed, but not "for the truth

asserted." *E.g.*, *Brown*, 472 F.3d at 388; *see also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (1998) (same).

The Commissioners' request is especially inappropriate, moreover, at the pleading stage, where the Commissioners (as defendants) are not entitled to any favorable inferences or assumptions of truth. *See Groden v. City of Dallas*, 826 F.3d 280, 283 (5th Cir. 2016). At a later stage in the case, the Commissioners will have an opportunity to establish the truth of their assertions at the Commission's hearing. But at this stage, the Commissioners' attempts to raise factual disputes about Tesla's allegations simply show that the complaint should not have been dismissed on the pleadings.

## CONCLUSION

Tesla's motion for judicial notice should be granted, and the Commissioners' alternative motion for judicial notice should be denied.

January 30, 2024

Respectfully submitted,

/s/ Ari Holtzblatt

MARK R. BEEBE (#19487)
DIANA COLE SURPRENANT (#33399)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

ARI HOLTZBLATT
ANDREW K. WAKS
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6000
ari.holtzblatt@wilmerhale.com

DAVID GRINGER
ANDRES C. SALINAS
TONY J. LEE
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

# CERTIFICATE OF COMPLIANCE

This foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, according to the word-count feature of the word-processing program with which it was prepared (Microsoft Word), the motion contains 1,318 words, excluding the portions exempted by Rule 32(f).

/s/ Ari Holtzblatt
ARI HOLTZBLATT

# CERTIFICATE OF SERVICE

I electronically filed the foregoing on January 30, 2024, using the Court's appellate CM/ECF system, which effected service on all counsel of record.

/s/ Ari Holtzblatt
ARI HOLTZBLATT